IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MIZZOU STUDENTS FOR JUSTICE IN PALESTINE, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 25-cv-04184-SRB ) |
| MUN Y. CHOI, *President of the University of Missouri School System and Chancellor of the University of Missouri, in his individual and official capacity*, | ) ) ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Dr. Mun Y. Choi's ("Dr. Choi") Motion to Dismiss Plaintiff's Complaint. (Doc. #27.) For the reasons set forth below, the motion is DENIED.

### I.   BACKGROUND[1]

Plaintiff Mizzou Students for Justice in Palestine ("MSJP") is a registered student organization at the University of Missouri ("the University" or "MU"). MSJP is dedicated to advocating for Palestinian rights by raising "awareness on campus of the historical and ongoing injustices committed against Palestinians." (Doc. #1, p. 5.) MSJP has hosted dozens of events, including "marches, lectures, and panel discussions." (Doc. #1, p. 5.)

The University hosts an annual Homecoming Parade. In the fall of 2024, MSJP applied to be part of the Homecoming Parade for the first time. MSJP planned to perform a traditional Palestinian dance and pass out Palestinian sweets. It also planned on displaying signs that read

---

[1] In considering Dr. Choi's motion to dismiss, the Court takes the facts pleaded in MSJP's complaint as true and construes them in the light most favorable to MSJP as the non-moving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

"Ceasefire Now" and "Stop the Genocide."  (Doc. #1, p. 8.)  Dr. Choi is the Chancellor of MU.  Although MSJP initially believed that its application to participate in the 2024 Homecoming Parade had been approved, Dr. Choi ultimately denied the application, citing concerns related to safety.

On August 27, 2025, MSJP filed its Complaint.  The Complaint contains two counts.  Count I is a claim for damages under 42 U.S.C. § 1983 for violating MSJP's First Amendment right to free speech.  Count II is a claim for injunctive relief under 42 U.S.C. § 1983, which sought an order from the Court enjoining Dr. Choi from preventing MSJP from participating in the 2025 Homecoming Parade.[2]  As this Court has already entered an order in favor of MSJP on Count II, only Count I remains before the Court.

On September 18, 2025, Dr. Choi filed this pending motion to dismiss.  MSJP opposes.  The parties' arguments are addressed below.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted."  "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ash v. Anderson Merchs., LLC*, 799 F.3d 957,

---

[2] MSJP further provides that "Count II is now moot, and [] only proceeds on Count I."  (Doc. #37, p. 4.)  As Count II dealt with the 2025 Homecoming Parade and that claim is now resolved, the Court limits its inquiry to allegations relevant to the 2024 Homecoming Parade.

960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  The Court must accept all facts alleged in the complaint as true when deciding a motion to dismiss.  *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable" (citation and quotation marks omitted)).

### III.   DISCUSSION

#### A.  Standing

Dr. Choi first contends that "MSJP's pleadings are inadequate to confer organizational standing."  (Doc. #28, p. 2.)  MSJP maintains that it has adequately pled all elements of standing.

To have standing to sue, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)).

"[O]rganizations may have standing to sue on their own behalf for injuries they have sustained."  *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 393 (2024) (internal citation omitted).  Organizational "[s]tanding may be found when there is a concrete and demonstrable injury to an organization's activities which drains its resources and is more than simply a setback to its abstract social interests."  *Nat'l Fed'n of the Blind of Mo. v. Cross*, 184 F.3d 973, 979 (8th Cir. 1999).  To meet this standard, MSJP must allege specific facts that demonstrate Dr. Choi's actions "have perceptibly impaired" MSJP's activities.  *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982).

3

Dr. Choi argues that MSJP has alleged no injury sufficient to confer standing, asserting that "MSJP point[ing] to purchases of flags and planning it did in 2024 for the [Homecoming] Parade" is inadequate. (Doc. #28, p. 3) (internal citation omitted). The Court disagrees. MSJP has alleged a concrete injury to its First Amendment rights arising from its exclusion from the 2024 Homecoming Parade, which is more than a mere "setback to its abstract social interests." *Nat'l Fed'n of the Blind of Mo.*, 184 F.3d at 979.

Indeed, the Court finds that MSJP has adequately alleged all the requirements of standing. MSJP has alleged that Dr. Choi's "decision to block MSJP's participation at the Homecoming Parade . . . offend[s] the heart of the Free Speech Clause of the First Amendment, which protects against viewpoint-based and content-based restrictions." (Doc. #1, p. 2.) This allegation constitutes an injury that is concrete and particularized. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (referencing that "intangible injuries [such as to free speech] can [] be concrete" as in *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009)). MSJP has further alleged that its injury was "fairly traceable" to Dr. Choi, who denied its application for the 2024 Homecoming Parade. *Friends of the Earth, Inc.*, 528 U.S. at 180. Finally, MSJP seeks nominal and compensatory damages based on this denial, satisfying the redressability requirement of standing.

Therefore, the Court finds that MSJP has adequately alleged standing.

**B. Qualified Immunity**

Dr. Choi argues that the remaining claim against him should be dismissed because he is entitled to qualified immunity. Plaintiff disagrees.

"[Q]ualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known." *Estate of Nash v. Folsom*, 92 F.4th 746, 753–54 (8th Cir. 2024) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The qualified immunity inquiry involves two questions: (1) whether the [alleged] facts, viewed in the light most favorable to the plaintiff, demonstrate a deprivation of a constitutional or statutory right; and (2) whether the right was clearly established at the time of the deprivation." *McDaniel v. Neal*, 44 F.4th 1085, 1089 (8th Cir. 2022) (internal citation and quotation omitted). Dr. Choi is entitled to qualified immunity unless the answer to both questions is yes. *Id*.

1. **Violation of the First Amendment**

Turning to the first half of the qualified immunity analysis—whether the alleged facts show a violation of a constitutional right. Dr. Choi argues that "MSJP cannot make out a violation of a constitutional right, because the pleadings clearly show that the Homecoming Parade is government speech, and thus not subject to forum analysis under the First Amendment." (Doc. #28, p. 6.) In the alternative, Dr. Choi argues that even if the Homecoming Parade is not government speech and subject to forum analysis, it is a "non-public forum" and the "University's policy limiting participation is both reasonable . . . and viewpoint neutral, so it easily survives scrutiny under either the limited public forum or nonpublic forum framework." (Doc. #28, p. 6.) For its part, MSJP argues that the "Complaint adequately alleges that the 2024 Mizzou Homecoming Parade was not government speech" and that Dr. Choi's "arguments to the contrary rely almost entirely on the new 2025 Parade Policy, which was not in place during the period relevant to Count I."[3] (Doc. #37, p. 4.)

---

[3] The Court agrees with MSJP that the 2025 Homecoming Parade Policy is not relevant in deciding whether the 2024 Homecoming Parade is government speech as the Parade Policy did not exist at the time pf MSJP's application to participate in the 2024 parade. The Court looks to the Complaint to see whether the facts alleged that are relevant to the 2024 adequately state a violation of the First Amendment.

The First Amendment's Free Speech Clause provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. The Free Speech Clause restricts the government's regulation of private speech, but does not regulate government speech.[4] *See Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1079 (8th Cir. 2024). Therefore, the Court must first determine whether the 2024 Homecoming Parade is government or private speech.

In determining whether "the government intends to speak for itself or to regulate private expression[,]" [this Court] . . . is driven by a case's context rather than the rote application of rigid factors [and looks to] . . . the history of expression at issue; the public's likely perception as to who (the government or a private person) is speaking; and the extent to which the government has actively shaped or controlled the expression." *Shurtleff v. City of Bos., Massachusetts*, 596 U.S. 243, 252 (2022).

### a. Government or Private Speech

#### i. History of Expression

Under the history of the expression at issue factor, the Court looks to both the specific history of the MU Homecoming Parade and homecoming parades in general. *Id*. at 255 (examining both the general and specific history). The Complaint alleges that "[t]he University of Missouri has hosted an annual homecoming celebration for over 100 years. The University's Homecoming Parade is one of the oldest homecoming traditions in the country, with some even touting it as the very first homecoming tradition by an American university" and that "[t]he Homecoming Parade has long been a place for the expression of political and social messages, including ones widely considered controversial or offensive." (Doc. #1, p. 4.) The Complaint further alleges that "[t]he Homecoming Parade has welcomed political campaigns and activist

---

[4] The parties do not dispute that the University is a governmental entity subject to the First Amendment.

groups of all kinds, including many that people would find controversial or offensive." (Doc. #1, p. 4.)  Finally, the Complaint alleges that "[e]ntities across the spectrum—from local businesses to student organizations—participated in the [2024] Homecoming Parade." (Doc. #1, p. 9.)

These allegations are sufficient to tilt the history of expression factor in MSJP's favor. The allegations of diverse participation stand in contrast with government-sponsored military parades, for example, which have a long tradition of communicating a more singular message to "celebrate [a nation's] militaries." *Leake v. Drinkard*, 14 F.4th 1242, 1248 (11th Cir. 2021). Here, there does not appear to be a singular message as the Homecoming Parade has "long been a place for the expression of political and social messages[.]" (Doc. #1, p. 4.)  Ultimately, the allegations do not show that the Homecoming Parade has "long conveyed important messages about the government." *Shurtleff*, 596 U.S. at 254.  Accordingly, at this stage, the Court concludes that the allegations plausibly support a finding that the history of expression factor weighs in favor of MSJP.

### ii. Public's Likely Perception

Under the public-perception factor, the Court considers whether, taking the alleged facts as true, the public would perceive the Homecoming Parade as an expression of governmental speech. *Shurtleff*, 596 U.S. at 252.  As provided above, the Complaint provides that the Homecoming Parade has traditionally accepted a wide variety of participants including those with conflicting political views. For example, in the 2024 Homecoming Parade, examples of participants included "pro-choice and pro-life groups[,]" "a fraternity riding a truck while waiving 'TRUMP' and 'MAKE AMERICA GREAT AGAIN' flags[,]" "the Mid-Missouri Pride Fest[,]" and "the league of Women Voters[.]" (Doc. #1, pp. 9, 10.)

Based on the allegations in the Complaint, the Court finds that the public would not "tend to view" the Homecoming Parade as the government speaking because the public seems unlikely to view the parade as "conveying some message" on the government's behalf. *Shurtleff*, 596 U.S. at 255. These allegations are sufficient to show that MU is not expressing a coherent governmental message. Indeed, if MU was expressing a message, given the variety of participants, it would be one that is "babbling prodigiously and incoherently." *Matal v. Tam*, 582 U.S. 218, 219, 236 (2017) (concluding that if trademarks registered by the Patent and Trademark Office were government speech, the government would be "unashamedly endorsing a vast array of commercial products and services."); *see also GLBT Youth in Iowa Sch. Task Force v. Reynolds*, 114 F.4th 660, 668 (8th Cir. 2024) (finding that the inclusion or removal of books is not government speech as a "well-appointed school library" could have books on the same topic that express opposing viewpoints).

Finally, contrary to Dr. Choi's argument that "[a] reasonable observer at the parade would naturally conclude that the University is the speaker, since the University obtains the permit, funds the event, sets the theme, and orchestrates the proceedings[,]" those administrative acts, standing alone, do not transform private speech into government speech. (Doc. #28, p. 9); *see Cajune*, 105 F.4th at 1075, 1081 (holding that Black Lives Matter remained private speech notwithstanding the school district's funding of the posters and inclusion of its "logo, slogan, website link, and a statement" about how the posters align with school board policy). Accordingly, at this stage, the Court concludes that the allegations plausibly support a finding that the public's likely perception factor weighs in favor of MSJP.

### iii. The Extent to which the University has Shaped or Controlled the Expression

In assessing the extent to which the government has shaped or controlled the expression of the Homecoming Parade, the Court considers the role Dr. Choi plays in the 2024 Homecoming Parade. *Shurtleff*, 596 U.S. at 252. The Complaint alleges that "[a] University of Missouri official told MSJP leadership that its application would be subjected to a unique review process. Unlike every other student organization, Chancellor Choi had the final say on whether MSJP would be allowed to participate in the [2024] Homecoming Parade." (Doc. #1, p. 8.) These allegations are insufficient to tilt this factor in favor of MU as "the mere existence of a review process with approval authority is insufficient by itself to transform private speech into government speech." *Cajune*, 105 F.4th at 1081. Moreover, the Complaint's assertion that Dr. Choi had final authority over MSJP's participation—"unlike every other student organization"— suggests that he did not exercise such control over any other organization's message. (Doc. #1, p. 8.) Consequently, Dr. Choi has not "actively exercised" any authority to shape the message of the Homecoming Parade. *Walker*, 576 U.S. at 213 (noting that the Texas Department of Motor Vehicles Board had "rejected at least a dozen proposed [license plate] designs."). Accordingly, at this stage, the Court concludes that the allegations plausibly support a finding that the control factor weighs in favor of MSJP.

Therefore, upon consideration of all three *Shurtleff* factors, the Court concludes that the allegations in the Complaint adequately plead that the 2024 Homecoming Parade constitutes private, not government, speech.

9
Case 2:25-cv-04184-SRB    Document 39    Filed 11/05/25    Page 9 of 15

### b. Whether MSJP Has Adequately Pled that Prohibiting MSJP from Participating in the 2024 Homecoming Parade Violates the First Amendment

Having determined that the Homecoming Parade is not government speech based on the allegations in the Complaint, the Court turns to whether the allegations show Dr. Choi's denial of MSJP's participation in the 2024 Homecoming Parade violates the First Amendment.

This inquiry requires the Court to determine what type of "forum" the Homecoming Parade is, and depending on that answer, apply the appropriate standard of scrutiny. *See Bowman v. White*, 444 F.3d 967, 974 (8th Cir. 2006). A forum may be categorized as either a traditional public forum (such as streets, sidewalks, and parks) or a designated public forum. *Bowman*, 444 F.3d at 975. Because neither party contends that the Homecoming Parade constitutes a traditional public forum, the Court need not address that category.

A designated public forum may be either "unlimited" or "limited." *Id*. "The distinction between a limited designated public forum and an unlimited designated public forum is significant because it controls the level of scrutiny given to restrictions on speech." *Id*. at 976.

An unlimited designated public forum is one "traditionally open for free expression[] or is designated as a forum for all speakers and topics[.]" *Turning Point USA at Arkansas State Univ. v. Rhodes*, 973 F.3d 868, 875 (8th Cir. 2020). In such forums, any restrictions on speech must be "content-neutral" and narrowly tailored to achieve a significant government interest. *Bowman*, 444 F.3d at 976.

A limited designated public forum,[5] "arises where the government opens a non-public forum but limits the expressive activity to certain kinds of speakers or to the discussion of certain

---

[5] Current caselaw seems to suggest that the Supreme Court has "collapsed nonpublic forums into the category of limited public forums since the test for both would be the same." Erwin Chemerinksy, CONSTITUTIONAL LAW: PRINCIPLES AND POLICIES § 11.4.2.1 (7th ed.) Dr. Choi in his briefing believes the Homecoming Parade is a

subjects." *Id*. (internal citation omitted).  An example of a limited designated public forum may be a "university concert hall" that is "designated for a particular speech by university-supported musicians." *Id*.  "In a limited public forum, the government may impose content-neutral restrictions so long as the restrictions are reasonable."  *Sessler v. Cty of Davenport, Iowa*, 102 F.4th 876, 882.

MSJP argues that "whether the Court finds that the Parade was an unlimited or limited designated public forum, MSJP's exclusion violated the First Amendment because it constituted viewpoint discrimination."  (Doc. #37, p. 8.)  The Court agrees with MSJP that under either limited or unlimited designated public forum analysis, the Complaint adequately alleges a violation of the First Amendment.[6]

### i. Unlimited Designated Public Forum

Assuming the Homecoming Parade constitutes an unlimited designated public forum— open "for all speakers and topics"—the exclusion of MSJP must be narrowly tailored to achieve a "significant" interest.  *Bowman*, 444 F.3d at 977; *Sessler*, 102 F.4th at 881.  Dr. Choi asserts that MSJP's exclusion was based on safety concerns, and the Complaint acknowledges that his decision was purportedly grounded in those concerns. The Court does not dispute that safety constitutes a significant governmental interest.  *See Bowman*, 444 F.3d at 980 ("safety is a fundamental human need").

Nonetheless, the Complaint alleges that "[Dr.] Choi's decision to exclude MSJP from the 2024 Homecoming Parade was unconstitutional because it was content and speaker specific, so it

---

"nonpublic" forum.  (Doc. #28, p. 11.) As limited public forums and nonpublic forums are analyzed under the same standard, the Court analyzes Dr. Choi's decision under the "limited public forum" term.

[6] The Court concludes at this early stage of the proceedings, it need not designate the Homecoming Parade as a specific type of forum.

was not a reasonable time, place, and manner restriction." (Doc. #1, p. 13.) The 2024 Homecoming Parade featured a wide array of participants expressing diverse and sometimes conflicting viewpoints, yet MSJP was the only group excluded from participation. Accordingly, the Court agrees with MSJP that the Complaint plausibly alleges that "MSJP's exclusion was not content-neutral," as "the only viewpoint barred from expression was one in support of Palestinians." (Doc. #37, p. 9.)

As for Dr. Choi assertion that he denied MSJP's participation based on safety concerns, the Complaint alleges that this concern was "pretextual" as "he had no specific information that MSJP's participation posed a safety risk to anyone." (Doc. #1, p. 9.) For example, MSJP alleges that it "was at all times consistent with university rules and norms" and that it "has never been cited for any violation of the University's rules." (Doc. #1, pp. 2, 5.) Because the Court must accept Plaintiff's well-pled allegations as true, these facts are sufficient to demonstrate that Dr. Choi's decision to exclude the organization in its entirety—despite its lack of prior safety incidents—was not narrowly tailored to the stated interest of safety. *See Bowman*, 444 F.3d at 983.

Accordingly, based on the allegations in the Complaint, MSJP has plausibly alleged that its exclusion from the 2024 Homecoming Parade was not content neutral, and that the purported governmental interest of safety does not justify the exclusion.

### ii. Limited Public Forum

Assuming the Homecoming Parade constitutes a "limited public forum"—open for "expressive activity [on] certain kinds of speakers or to the discussion of certain subjects"—any restriction must be "reasonable" and "content-neutral." *Bowman*, 444 F.3d at 980; *Sessler*, 102 F.4th at 882. While the University may impose content-based restrictions, it cannot engage in

"viewpoint discrimination[,]" which arises when the "government targets 'particular views taken by speakers on a subject.'" *Viewpoint Neutrality Now! v. Regents of Univ. of Minnesota*, 516 F. Supp. 3d 904, 919 (D. Minn. 2021) (citing *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995)).

The Complaint alleges that Dr. Choi "required of MSJP what [he] did not require of other student organizations—to explain in painstaking detail all of their plans for the [2024] Homecoming Parade." (Doc. #1, p. 8.) Dr. Choi also allegedly requested that MSJP "refrain from displaying [a] 'Stop the Genocide' [sign.]" (Doc. #1, p. 8.) Finally, after denying MSJP's application, another student group allegedly agreed to carry the Palestinian flag, but Dr. Choi "forbade them from holding the Palestinian flag unless the group also held the Israeli flag." (Doc. #1, p. 11.)

These allegations demonstrate that Dr. Choi subjected MSJP to a "unique scrutiny" and are sufficient to show that the exclusion was motivated by MSJP's viewpoint on Palestine and Israel. *Gerlich v. Leath*, 861 F.3d 697, 706 (8th Cir. 2017) (finding viewpoint discrimination where a student organization was subjected to "unique scrutiny" compared to other organizations).

Accordingly, under either limited or unlimited designated public forum analysis, the Court finds that MSJP has plausibly alleged a First Amendment violation.

### 2. Clearly Established Right

Turning to the second inquiry under the qualified immunity analysis—whether the right was clearly established at the time of the deprivation. "For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Kelsay v. Ernst*, 933 F.3d 975, 979 (8th Cir. 2019) (internal

citation and quotation omitted). There need not be "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Dr. Choi argues that "MSJP's Complaint does not plead factual material that would give rise to a clearly established right." (Doc. #38, p. 2.) MSJP argues that "right at issue here is neither abstract nor novel. It is a well-defined First Amendment rule that government officials, including those at public universities, may not discriminate against speech based on content or viewpoint when they have opened a forum for expression." (Doc. #37, p. 12.)

The Court agrees with MSJP. It is well established that "[t]he government must abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829 (1995). Regardless of whether the 2024 Homecoming Parade is a limited or unlimited designated public forum,[7] the government cannot engage in viewpoint discrimination. *See Gerlich v. Leath*, 861 F.3d 697, 709 (8th Cir. 2017) ("It has long been recognized that if a university creates a limited public forum, it may not engage in viewpoint discrimination within that forum"); *see Bowman*, 444 F.3d at 976 (explaining that any restrictions in an unlimited designated public forum must be "content-neutral" and "necessary to serve a significant government interest.")

Ultimately, the Court agrees with MSJP that "the prohibition on viewpoint discrimination in university forums was clearly established long before Dr. Choi acted" and accepting MSJP's allegations as true, Dr. Choi is not entitled to qualified immunity. (Doc. #37, p. 2.)

---

[7] Dr. Choi argues that "for the question to be beyond debate," the Court must identify the 2024 Homecoming Parade as a specific type of forum. (Doc. #38, p . 4.) The Court disagrees as the prohibition of discrimination based on viewpoint has been clearly established under either forum analysis. As stated above, MSJP has sufficiently pled that Dr. Choi's actions amount to impermissible viewpoint discrimination.

## IV. CONCLUSION

Accordingly, Dr. Choi's Motion to Dismiss Plaintiff's Complaint (Doc. #27) is DENIED.

**IT IS SO ORDERED.**

                                              /s/ Stephen R. Bough
                                              STEPHEN R. BOUGH
                                              UNITED STATES DISTRICT JUDGE

Dated: November 5, 2025